WILL WARD v. STATE.
No. A-3254.   Opinion Filed April 15, 1920.
(188 Pac. 894.)

Appeal from County Court, Pontotoc County; Orel Busby, Judge.

Will Ward was convicted of a violation of the prohibitory liquor law, and he appeals.   Reversed.

Robt. Wimbish and W. C. Duncan, for plaintiff in error.

S. P. Freeling Atty. Gen., and R. E Wood, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted on a charge of unlawfully selling one gallon of Choctaw beer to one Will Underwood, and his punishment fixed at confinement for 30 days in the county jail and a fine of $50.   From the judgment rendered in accordance with the verdict he appeals.   The record shows that the information as originally filed charged the sale to have been made to Ben Courtney. Over the defendant's objection the court permitted the information to be amended by interlineation, substituting the name of Will Underwood for that of Ben Courtney.   The information as amended was not sworn to.   The evidence shows that four Indians, Will Underwood. Gabriel Underwood, Ben Courtney, and Charley Perry, in a car stopped at the defendant's place, three or four miles west of Ada.   Will Underwood testified that he bought a gallon of "Chock" for 50 cents from the defendant, and on the same day bought another gallon from the same fellow, and in driving from the defendant's place to town the car turned over, and they were arrested.   Gabriel Underwood testified that he furnished the money and Will Underwood went and bought the "Chock"; that the only time he remembers seeing the defendant was the next morning; that they had all been drinking before they went to the defendant's place. Charley Perry testified that Gabriel Underwood furnished the money to buy the "Chock", but he did not see Gabriel give the money to Bill; that he was sober when they went there. Deputy Sheriff Whitson, the complaining witness, testified that he arrested these Indians and the next morning went with them to the defendant's place; that when these Indians told him that they got Choctaw beer from the defendant they pointed him out; that he did not know whether or not the defendant heard what they said; that when he verified the information it charged that the sale was made to Ben Courtney. For the defense Clara Davis testified that Will Ward is her father; that she was at home when these Indians drove there in a car; that they were drunk and wanted to come into the house, but her father would not let them; that this was about 3 o'clock; that about 6 o'clock they came back; that they did not get any Choctaw beer from her father. Mrs. Will Ward testified that she was at home when these drunken Indians stopped at the gate; that her husband told them they could not come in, and they went up the road; they returned that evening and stopped again; that her husband did not let these Indians or any one of them have any Choctaw beer. The defendant testified that he was 56 years old and had lived 27 years in Pontotoc county; was a farmer; was never before charged with a crime; did not sell any Choctaw beer to these Indians or to any body else; that when the Indians drove up he asked them where they were going; they said down in the

pasture; they were all pretty full; that they returned and said they wanted to put one of the party in the pasture to sober up. Hon. W. H. Ebey, representative from Pontotoc county, qualified as a character witness, and stated that the defendant's reputation in that community as an honest, truthful, and law-abiding citizen was good. The chief ground of reversal relied on here is the admission of incompetent testimony. It was error to admit the testimony of Gabriel Underwood and Charley Perry as to what was said and done by these Indians in the absence of the defendant. and the testimony of Whitson as to what the Indians said to him was also incompetent and inadmissible. All of this hearsay testimony was admitted over the defendant's objections, and was excepted to at the time. It was highly prejudicial and constitutes reversible error. The other errors assigned will not be passed upon. For the errors indicated, the judgment is reversed.